UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )  Case No. 1:20-cr-346-PAB
        Plaintiff,             )
                               )  Cleveland, Ohio
        vs.                    )  Tuesday, November 30, 2021
                               )
TIMOTHY GOODNER,               )
                               )  ARRAIGNMENT AND CHANGE OF PLEA
        Defendant.             )  VIA VIDEOCONFERENCE
_____)


TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE WILLIAM H. BAUGHMAN, JR.,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:

        OFFICE OF THE U.S. ATTORNEY - CLEVELAND
        BY:  KELLY L. GALVIN, AUSA
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3731

(Appearances continued on Page 2)

DIGITALLY RECORDED:        For The Record (FTR)
                           11:21:05 a.m. - 11:54:32 a.m.

RECORDED BY:               C. McCardle

TRANSCRIBED BY:            Heather K. Newman
                           (216) 357-7035


Proceedings recorded by electronic sound recording;
transcript produced by machine shorthand and computer-aided
transcription.

1    <u>APPEARANCES CONTINUED</u>:

2    For the Defendant:

3            OFFICE OF THE FEDERAL PUBLIC DEFENDER - CLEVELAND
             BY:  DARIN THOMPSON, AFPD
4            1660 West Second Street
             750 Skylight Office Tower
5            Cleveland, OH 44113
             (216) 522-4856

6

7                              *   *   *   *   *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    CLEVELAND, OHIO; TUESDAY, NOVEMBER 30, 2021; 11:21:05 A.M.

2                              --oOo--

3                        P R O C E E D I N G S

4                    (Proceedings in progress).

5              COURTROOM DEPUTY:  -- cr-346, United States of

6    America vs. Timothy Goodner.

7              THE COURT:  Counsel for the United States, are

8    you ready to proceed?

9              MS. GALVIN:  Yes, Your Honor.  Kelly Galvin on

10   behalf of the United States ready to proceed.

11             THE COURT:  And counsel for Mr. Goodner, is

12   that the proper pronunciation?

13             MR. THOMPSON:  I believe it is, Your Honor.

14   Darin Thompson --

15             THE COURT:  Are you ready to proceed?

16             MR. THOMPSON:  Yes, Your Honor.

17   Darin Thompson from the Federal Public Defender Office ready

18   to proceed.

19             THE COURT:  We're here today for purposes of

20   an arraignment and a plea.  I'm going to take up the matter

21   of the arraignment first.

22        Mr. Goodner, this is your arraignment on charges

23   brought against you in an Information and -- wait a minute.

24   I got an Indictment here.

25             MS. GALVIN:  Judge, he is pleading guilty --

1    it's the supplemental Information that he needs to be

2    arraigned on and would be entering the plea to.

3                    THE COURT:  All right.  Okay.  Fine.

4         We're here on the supplemental Information and. . . so

5    just let me adjust the script here.

6         Because the charges brought against you are felony

7    charges, you have a constitutional right to be charged by a

8    Grand Jury.  You've instead been charged by way of an

9    Information.  The Information is a document that contains

10   criminal charges against you but unlike an Indictment, an

11   Information is never presented to or voted on by a

12   Grand Jury.

13        Have you had an opportunity to consult with

14   Mr. Thompson regarding your right to have charges against

15   you presented to the Grand Jury, and have you, in fact,

16   consulted with Mr. Thompson regarding your waiver of that

17   right?

18                    THE DEFENDANT:  Yes, Your Honor.

19                    THE COURT:  Have you signed a written waiver

20   of your right to be charged by way of Indictment?

21                    THE DEFENDANT:  Yes, Your Honor, I believe so.

22                    THE COURT:  Do you understand your right to be

23   charged on a -- on an Indictment after presentation to the

24   Grand Jury?

25                    THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Has anyone threatened you or

2     anyone else or forced you in any way to sign a waiver of

3     your right to a Grand Jury?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  I find that your waiver of your

6     constitutional right to have charges against you presented

7     to a Grand Jury has been knowingly, voluntarily, and

8     intelligently made.  I therefore accept the waiver of your

9     right to be charged by a Grand Jury and we will proceed with

10    this arrangement on the basis of the supplemental

11    Information that's been presented.

12         Ms. Galvin, please identify the counts of the

13    Information under which Mr. Goodner is charged, describe the

14    offense charged under each count, state the maximum penalty

15    for each offense.

16         MS. GALVIN:  Thank you, Your Honor.

17         He is charged, Your Honor, in an Information which

18    alleges one count of conspiracy to commit an offense.

19    That's in violation of Title 18 United States Code § 371.

20         It carries with it a statutory penalty of up to

21    5 years imprisonment, there is no mandatory term of

22    imprisonment; a $250,000 fine; 3 years of supervised

23    release; and a $100 special assessment upon conviction.

24         THE COURT:  All right.  Very well.

25         Mr. Goodner, you have a copy of that Information?

1           THE DEFENDANT:  Yes, Your Honor.

2           THE COURT:  And have you had enough time to

3    review the Information with Mr. Thompson?

4           THE DEFENDANT:  Yes, sir, I have.

5           THE COURT:  Do you understand the charges made

6    against you in the Information?

7           THE DEFENDANT:  Yes, sir, I do.

8           THE COURT:  Do you want the Information read,

9    or will you waive the reading of the Information?

10          THE DEFENDANT:  I will waive the reading,

11   Your Honor.

12          THE COURT:  You have a constitutional right to

13   be represented by an attorney throughout the case.  If you

14   are not able to afford an attorney, the Court will appoint

15   one without cost to represent you.

16      Do you understand your right to an attorney?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  And you understand that

19   Mr. Thompson has been previously appointed to represent you

20   in this case?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  You have the right to remain

23   silent and the right not to incriminate yourself.  You're

24   not required to make a statement.  Anything you say may be

25   used against you.  If you start to make a statement, you may

1    stop at any time.  You may also consult with your attorney

2    at any time.

3         Do you understand your right to remain silent and your

4    right not to incriminate yourself?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  You have the right to appear here

7    in person in court before me for your arraignment.  Given

8    the national emergency brought on by the COVID-19 pandemic

9    and under recent general orders of this court and the

10   CARES Act, hearings such as this arraignment are permitted

11   to be conducted by videoconference to protect the health of

12   everyone involved.

13        Have you spoken with Mr. Thompson regarding your right

14   to appear in person and about a waiver of that right to

15   permit this proceeding to go forward by videoconference?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Do you waive your right to appear

18   in person for your arraignment --

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  -- and Plea Hearing and consent to

21   go forward by videoconference?

22             THE DEFENDANT:  Yes, Your Honor, I do.  I'm

23   sorry.

24             THE COURT:  I find your waiver of personal

25   appearance and your consent to go forward by videoconference

1  have been knowingly, voluntarily, and intelligently made.  I

2  accept your waiver of personal appearance and your consent

3  to go forward by videoconference or telephone conference --

4  or videoconference, excuse me.  Accordingly, we will proceed

5  with this arraignment and the Plea Hearing with Mr. Goodner

6  participating by videoconference.

7      Given the unique present circumstances in which we

8  find ourselves and the fact that some hearings in this case

9  may be conducted by videoconference, there may be times when

10  it will be necessary for your attorney, after consulting

11  with you and obtaining your approval, to sign documents

12  related to the case.

13      Do you understand why Mr. Thompson, after consulting

14  with you and obtaining your approval, may need to sign

15  documents on your behalf related to the case?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  And do you authorize Mr. Thompson

18  to sign on your behalf in those limited situations after

19  consulting with you and obtaining your approval?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Now that you are aware of the

22  charges against you as set forth in the Information I've

23  been informed that you want to plead guilty to those

24  charges; is that correct?

25          THE DEFENDANT:  Yes, Your Honor.

1              THE COURT:  I understand the defendant has

2    consented to have me, as the United States Magistrate Judge

3    assigned to this case, receive your plea.

4        Is that also correct?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Clerk will mark a copy of the

7    consent to my jurisdiction as Exhibit 1 for this hearing.

8        Is that your signature on Exhibit 1?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Have you discussed this consent

11   with your attorney?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you understand you have the

14   right to offer your guilty plea to the United States

15   District Judge assigned to this case?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Do you understand that by giving

18   this consent to my jurisdiction you give up your right to

19   offer your guilty plea to the district judge assigned to the

20   case?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Do you still want to go forward

23   with your plea before me?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  The purposes of this proceeding

1  are to establish that you are competent to make a plea, to

2  make sure that your plea is free and voluntary, to make

3  certain that you understand the charges asserted against you

4  and the maximum penalty for those charges and the

5  constitutional rights that you will be giving up by pleading

6  guilty, and to determine that there is a factual basis for

7  your plea, and to receive your plea.

8       For purposes of accepting your plea of guilty I will

9  be asking you a series of questions.  The court reporter

10  will record my questions, your answers -- and your answers.

11  The court reporter can only record verbal answers.  She

12  cannot record a nod of the head or other gestures, so please

13  verbalize your answers.

14       If you don't understand any of the questions or at any

15  time you want to consult with your attorney, please say so

16  because it's essential to a valid plea that you understand

17  each question before you answer it.  None of my questions

18  are meant or designed to embarrass you.

19       Do you understand these instructions?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  You have the right to remain

22  silent and the right not to incriminate yourself.  You're

23  not required to make a statement.  Anything you say may be

24  used against you.

25       Before receiving your guilty plea there are a number

1    of questions I will ask to assure that your plea is valid.

2    By answering these questions, you will be making statements

3    against your interest and you will incriminate yourself.

4        Do you understand that by proceeding here today with a

5    guilty plea you'll necessarily be giving up your right to

6    remain silent and your right not to incriminate yourself?

7               THE DEFENDANT:  Yeah -- yes, Your Honor.

8               THE COURT:  Mr. Matyas, please place

9    Mr. Goodner under oath.

10             COURTROOM DEPUTY:  Do you solemnly swear that

11    your testimony in this case will be the truth, the whole

12    truth, and nothing but the truth, so help you God?

13             THE DEFENDANT:  I do.

14             COURTROOM DEPUTY:  Thank you.

15             THE COURT:  You have now been sworn, and you

16    understand -- and you are under oath to tell the truth.

17    Your answers to my questions will be subject to the

18    penalties of perjury if you do not tell the truth.

19        Do you understand this instruction?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  You have the right to be

22    represented by an attorney throughout the case.  As I

23    mentioned to you earlier, if you cannot afford an attorney,

24    one will be appointed to represent you and, in fact, in

25    earlier proceedings, Mr. Thompson has been appointed to

1    represent you.

2          Have you had enough time to discuss the charges made

3    against you and your response to those charges with

4    Mr. Thompson?

5                    THE DEFENDANT:  Yes, Your Honor.

6                    THE COURT:  Have you told Mr. Thompson

7    everything you know about the case?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  Are you completely satisfied with

10   Mr. Thompson's representation and with the advice that he's

11   given you?

12                   THE DEFENDANT:  Yes, Your Honor.

13                   THE COURT:  As part of these proceedings I

14   must determine that you are competent to understand the

15   proceedings and to enter a knowing plea.  I therefore have

16   some questions for you.

17         What is your full name?

18                   THE DEFENDANT:  Timothy James Goodner.

19                   THE COURT:  How old are you?

20                   THE DEFENDANT:  I am 20 years old, sir.

21                   THE COURT:  Are you a citizen of the

22   United States?

23                   THE DEFENDANT:  I am, Your Honor.

24                   THE COURT:  And how far did you go in school?

25                   THE DEFENDANT:  I dropped out when I was 16,

1    and I got my GED.

2              THE COURT:  Are you currently on probation,

3    parole, or supervised release for any state or federal

4    conviction?

5              THE DEFENDANT:  I am currently on supervised

6    release for this.

7              THE COURT:  For this case?

8              THE DEFENDANT:  Yes.

9              THE COURT:  But not for any other case?

10             THE DEFENDANT:  Not -- not for anything else,

11   no.

12             THE COURT:  All right.  Within the past year

13   have you been treated for a mental illness?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  And have you completed that

16   treatment?

17             THE DEFENDANT:  Yes.  It's -- it's still

18   ongoing, but yeah.

19             THE COURT:  Has the condition that has

20   required you to undergo that treatment, does that affect

21   your ability to understand what we're doing here today?

22             THE DEFENDANT:  No, Your Honor.

23             THE COURT:  Within the past year have you been

24   treated for addiction to alcohol?

25             THE DEFENDANT:  No, Your Honor.

1          THE COURT:  Within the past year have you been

2     treated for addiction to any narcotic drug?

3                    THE DEFENDANT:  Yes, Your Honor.

4                    THE COURT:  And is that treatment still

5     ongoing?

6                    THE DEFENDANT:  Yeah.  Yes, Your Honor.

7                    THE COURT:  And again, is the condition that

8     has prompted you to undergo that treatment, does that affect

9     your ability to understand what we're doing here today?

10                    THE DEFENDANT:  No, Your Honor.

11                    THE COURT:  In the past 24 hours have you

12     taken any medication, drugs, or alcohol?

13                    THE DEFENDANT:  No, Your Honor.

14                    THE COURT:  Do you understand what we're doing

15     here today?

16                    THE DEFENDANT:  Yes, Your Honor.

17                    THE COURT:  And what is your understanding of

18     these proceedings?

19                    THE DEFENDANT:  To enter a guilty plea in

20     agreement with the government.

21                    THE COURT:  Do you have any doubt, Ms. Galvin,

22     as to Mr. Goodner's competence to plead at this time?

23                    MS. GALVIN:  No, Your Honor, I do not.

24                    THE COURT:  And Mr. Thompson, do you have any

25     doubt as to Mr. Goodner's competence to plead at this time?

1          MR. THOMPSON:  No, Your Honor.

2          THE COURT:  By proceeding with a guilty plea

3   you will be giving up certain constitutional rights.  I will

4   next review with you those rights and establish that you

5   understand the rights you will be giving up by pleading

6   guilty.

7          You have a right to stand by a plea of not guilty and

8   to require the government to proceed to a trial.

9          You would have a right to trial by jury, including

10  assistance of counsel at trial.  At such trial you would be

11  presumed innocent.  The government would be required to

12  prove you guilty by competent evidence beyond a reasonable

13  doubt.  You would not have to prove that you are innocent.

14         Do you understand these rights?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Do you understand that by pleading

17  guilty you will be giving up these rights?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  You have a right to compulsory

20  process.  That is, at trial, you would have the right to the

21  issuance of subpoenas to require the attendance of witnesses

22  to testify in your defense.

23         Do you understand this right?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Do you understand that by pleading

1    guilty you will be giving up this right?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  You have the right to hear, see,

4    and cross-examine all witnesses that the United States may

5    present against you at trial.

6         Do you understand these rights?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Do you understand that by pleading

9    guilty you will be giving up these rights?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  You have the right to remain

12   silent at trial.  While you would have the right to testify

13   if you chose to do so, you would also have the right not to

14   testify and no inference or suggestion of guilt could be

15   drawn from the fact that you did not testify.

16        Do you understand this right?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Do you understand that by pleading

19   guilty you will be giving up this right?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Again, as I told you earlier, if

22   you proceed with a guilty plea, you'll give up your right

23   not to incriminate yourself.  I will ask you questions

24   shortly about what you did in order to satisfy myself that

25   you are guilty as charged.  You will have to acknowledge

1    your guilt to make a valid guilty plea.

2          Do you understand your right not to incriminate

3    yourself?

4                    THE DEFENDANT:  Yes, Your Honor.

5                    THE COURT:  And do you understand that by

6    pleading guilty you will be giving up that right?

7                    THE DEFENDANT:  Yes, Your Honor.

8                    THE COURT:  If you plead guilty and the

9    district judge accepts your plea, do you understand that you

10   will give up your right to a trial and to the other rights I

11   just told you about?

12                   THE DEFENDANT:  Yes, Your Honor.

13                   THE COURT:  Do you understand that there will

14   be no trial?

15                   THE DEFENDANT:  Yes, Your Honor.

16                   THE COURT:  And do you understand that the

17   district judge will enter a judgment of guilty and sentence

18   you on the basis of your guilty plea after considering a

19   Pre-Sentence Report?

20                   THE DEFENDANT:  Yes, Your Honor.

21                   THE COURT:  Do you understand that the offense

22   to which you are pleading guilty is a felony and that a

23   judgment of guilty may deprive you of valuable civil rights

24   such as the right to vote, the right to hold public office,

25   the right to serve on a jury, and the right to possess any

1  kind of a firearm?

2  THE DEFENDANT:  Yes, Your Honor.

3  THE COURT:  The clerk will make a copy -- will

4  mark a copy of the supplemental Information as Exhibit 2 for

5  this hearing.

6  Mr. Goodner, do you have a copy of that supplemental

7  Information?

8  THE DEFENDANT:  I -- I should.  I mean --

9  THE COURT:  All right.  We're going to publish

10  it on the screen for you.

11  THE DEFENDANT:  Okay.

12  THE COURT:  All right.  Have you discussed

13  with Mr. Thompson the charges made against you in the

14  supplemental Information --

15  THE DEFENDANT:  Yes, Your Honor.

16  THE COURT:  -- to which you intend to plead

17  guilty?

18  THE DEFENDANT:  Yes.

19  THE COURT:  Do you understand the charges made

20  against you in the supplemental Information?

21  THE DEFENDANT:  Yes, Your Honor.

22  THE COURT:  Ms. Galvin, please summarize the

23  charges that the defendant intends to plead guilty to and

24  the maximum possible penalty for the offenses.

25  MS. GALVIN:  Yes, Your Honor.  Thank you.

1        Your Honor, the supplemental Information charges the

2   defendant with one count of conspiracy in violation of

3   Title 18 United States Code § 371.

4        The supplemental Information provides that there was a

5   parking lot which did business in interstate commerce and

6   that on May 30th of 2020, in the Northern District of Ohio,

7   in the Eastern Division, the defendant and others, unknown

8   and not named, knowingly, intentionally conspired,

9   confederated, and agreed together and with each other to

10  violate the laws of the United States, that being to commit

11  arson in violation of Title 18 United States Code § 841(i).

12       Your Honor --

13            THE COURT:  Thank you, Ms. Galvin.

14       Go ahead.  You have something -- something additional?

15            MS. GALVIN:  I was just going to indicate the

16  statutory penalties, Your Honor, are up to 5 years

17  imprisonment, a $250,000 fine, 3 years of supervised

18  release, and a $100 special assessment.

19       Thank you.

20            THE COURT:  Thank you.

21       Mr. Goodner, is your decision to plead guilty the

22  result of your exercise of your own free will?

23            THE DEFENDANT:  Yes, Your Honor.

24            THE COURT:  Has anyone threatened you or

25  anyone else or forced you in any way to plead guilty?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Have you entered into a written

3    Plea Agreement with the government?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  The clerk will mark the

6    Plea Agreement as Exhibit 3 for this hearing and we'll

7    publish that.

8       And let's go down to the last page, the signature

9    page.

10      Is that your signature on the Plea Agreement?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Did you have the opportunity --

13   did you read the Plea Agreement before you signed it?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  And did you discuss the

16   Plea Agreement with Mr. Thompson before you signed it?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  And do you understand the terms of

19   the Plea Agreement?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Ms. Galvin, please succinctly

22   summarize the substance of the Plea Agreement for the

23   record.

24         MS. GALVIN:  Yes, Your Honor.  Thank you.

25      The Plea Agreement does contain standard language as

1  to the rights that Mr. Goodner will be waiving by entering

2  the guilty plea as well as the statutory penalties, the

3  assessments, costs, possibility of probation, immigration

4  consequences.

5      The Plea Agreement also contains the elements of the

6  offense, what the parties believe and stipulate to in terms

7  of the guideline range, that the defendant will be entitled

8  to a Pre-Sentence Report as well as allocution.

9      Importantly, the agreement also indicates that the

10  parties have no agreement about the sentencing range other

11  than the fact that we have computed for the Court what we

12  believe the advisory Base Offense Level will be.

13      The Plea Agreement also indicates that the government

14  intends to grant the defendant three levels for acceptance

15  of responsibility so long as his conduct continues to affirm

16  his acceptance, that the parties have no agreement about his

17  Criminal History Category.

18      It also contains a waiver of appeal and

19  post-conviction attack so that Mr. Goodner understands that

20  by entering a plea of guilty, he will be waiving most of the

21  rights that he has with the exception of punishment in

22  excess of the statutory maximum, any sentence to the extent

23  it exceeds the maximum of the sentencing guideline range

24  using the calculations and criminal history that the Court

25  finds.

1          The Plea Agreement also contains a waiver for the

2     statute of limitations.  It also contains a factual basis

3     and relevant conduct which occurred on March 30th, 2020,

4     that there may be restitution owed, and that there are

5     consequences to breaking or breaching the Plea Agreement by

6     the defendant.

7          Lastly, Your Honor, it indicates that there is a

8     provision that the defendant is satisfied with the

9     assistance of counsel, and that this agreement was entered

10    into voluntarily and knowingly.

11         Thank you, Your Honor.

12              THE COURT:  Thank you, Ms. Galvin.

13         Mr. Goodner, do you agree that the substance of the

14    Plea Agreement has been fairly and accurately summarized for

15    the record by Ms. Galvin?

16              THE DEFENDANT:  Yes, Your Honor.

17              THE COURT:  Has anyone, including your

18    attorney, the attorney for the United States, or the Court

19    made any promise other than in the Plea Agreement to induce

20    you to plead guilty?

21              THE DEFENDANT:  No, Your Honor.

22              THE COURT:  I direct your attention to

23    Paragraph 16 of the Plea Agreement which deals with waiver

24    of appeal and collateral attack rights.

25         Do you understand that you -- under the -- under the

1    Plea Agreement, if I recommend the Plea Agreement to the

2    district judge and the district judge accepts my

3    recommendation, then you cannot withdraw your guilty plea?

4                    THE DEFENDANT:  Yes, Your Honor.

5                    THE COURT:  And do you also understand that

6    you cannot appeal your sentence except under the limited

7    circumstances permitted by Paragraph 16?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  And do you understand that you

10   cannot contest your sentence by any post-conviction

11   proceedings except to the extent permitted by Paragraph 16

12   in the Plea Agreement?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  Mr. Thompson, have you discussed

15   sentencing with your client?

16                   MR. THOMPSON:  I have, Your Honor.

17                   THE COURT:  And have you given him an estimate

18   that he might receive under the Plea Agreement?

19                   MR. THOMPSON:  Yes, Your Honor.

20                   THE COURT:  What is that estimate?

21                   MR. THOMPSON:  I believe it's 33 to 41 months,

22   Your Honor.  I apologize, that may be. . .

23                   MS. GALVIN:  Your Honor, I believe, if granted

24   all the levels of acceptance -- I think Mr. Thompson was

25   probably referring to without acceptance.  With acceptance,

1    the guideline range would be 24 to 30 months.

2                    MR. THOMPSON:  I apologize, Your Honor.

3           Thank you, Ms. Galvin.

4                    THE COURT:  All right.

5           Do you understand that that's -- you received that

6    estimate, Mr. Goodner?

7                    THE DEFENDANT:  Yes, Your Honor.

8                    THE COURT:  And do you understand that the

9    Court will not be able to determine the guideline sentence

10   for your case until after the Pre-Sentence Report has been

11   completed and you and the government have had an opportunity

12   to challenge the facts reported by the probation officer?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  Do you understand that the

15   sentence imposed may be different from any estimate that

16   your attorney may have given to you?

17                   THE DEFENDANT:  Yes, Your Honor.

18                   THE COURT:  You understand that after it's

19   been determined what guideline range applies to your case

20   the district judge has the authority in some circumstances

21   to impose a sentence that is more severe or less severe than

22   the sentence called for by the advisory guidelines?

23                   THE DEFENDANT:  Yes, Your Honor.

24                   THE COURT:  Do you understand that under some

25   circumstances you or the government may have a right to

1   appeal any sentence imposed, and in your case, that right is

2   limited by Paragraph 16 of the Plea Agreement?

3                   THE DEFENDANT:  Yes, Your Honor.

4                   THE COURT:  Do you understand that parole has

5   been abolished in the federal system and that if you are

6   sentenced to prison, you will not be released on parole?

7                   THE DEFENDANT:  Yes -- yes, Your Honor.

8                   THE COURT:  Having discussed your rights with

9   you, do you still want to proceed with a guilty plea?

10                  THE DEFENDANT:  Yes, Your Honor.

11                  THE COURT:  I will now review with you that

12  portion of the Plea Agreement in which you stipulate to

13  facts as they relate to your conduct as charged in the

14  supplement Information.  As I do so, you will have an

15  opportunity to correct any facts that you believe are not

16  correct.

17      And I direct your attention to Paragraph 18 in the

18  Plea Agreement.  You have initialed the page on which it

19  appears -- I believe it probably goes over to the next page

20  as well.  Right.  So it's basically Paragraph 18 and its

21  subparts and Paragraph 19.

22      Do you agree with the facts -- facts -- factual basis

23  and relevant context -- conduct portion of the

24  Plea Agreement?

25                  THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Do you wish to change or

2    supplement any of those facts?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Ms. Galvin, is there any right or

5    any procedural provision that I have failed to account for

6    before receiving the guilty plea?

7          MS. GALVIN:  No, Your Honor.  Thank you.

8          THE COURT:  Mr. Thompson, is there any right

9    or any procedural provision that I have failed to account

10   for before receiving the Plea Agreement?

11         MR. THOMPSON:  No, Your Honor.

12         THE COURT:  Mr. Goodner, I am prepared to

13   receive your plea.  Do you want to confer with your counsel

14   before I ask you what your plea is?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  Do you have any questions of me

17   before I ask you what your plea is?

18         THE DEFENDANT:  No, Your Honor.

19         THE COURT:  Having advised you of your rights,

20   having found you competent, and having found a factual basis

21   for your plea, how do you plead to the charge in the

22   supplemental Information, guilty or not guilty?

23         THE DEFENDANT:  Guilty.

24         THE COURT:  It is my finding that the

25   defendant, Mr. Timothy Goodner, is fully competent to and

1    capable of entering an informed plea; that he is aware of

2    the nature and the charges brought against him and the

3    consequences of his plea; and that his plea of guilty to the

4    charges in the Information -- supplemental Information in

5    this case is a knowing and voluntary plea supported by an

6    independent basis in fact containing each of the essential

7    elements charged.  I therefore recommend that the district

8    judge approve the Plea Agreement, accept Mr. Goodner's plea,

9    and adjudge him guilty of the charge in the supplemental

10   Information.

11        A Pre-Sentence Investigation Report will be prepared

12   before sentencing.  It's in your best interest to cooperate

13   with the probation officer in furnishing information for

14   that report.  The report will be important in the decision

15   as to what your sentence will be.

16        You and your attorney will have a right and an

17   opportunity to examine that report before your sentencing

18   and to comment on the report at your sentencing, including

19   challenging any facts in that report that you believe are

20   not correct.

21        Do we have a sentencing date and time, Mr. Matyas?

22             COURTROOM DEPUTY:  No.  It will be before

23   Judge Barker though.

24             THE COURT:  Judge Barker will set your

25   sentencing and counsel will be advised.

1        Where do we stand regarding release or detention

2    pending sentencing?  Ms. Galvin?

3                MS. GALVIN:  Yes, Your Honor.  Thank you.

4        The government is in receipt of an updated Pretrial

5    Services report which indicated that the defendant has not

6    had any issues while he's been on pretrial supervision.  In

7    fact, Your Honor, the Pretrial Services officer recommends

8    at this time, I believe, that the GPS location monitoring

9    actually be removed as a condition of his pretrial release.

10   So the government agrees with that; it does not object to

11   that.

12               THE COURT:  Any response, Mr. Thompson?

13               THE DEFENDANT:  We --

14               MR. THOMPSON:  Only to -- only to agree with

15   it, Your Honor.  Thank you.

16               THE COURT:  All right.  Is GPS monitoring

17   currently on?

18               THE DEFENDANT:  No.  May -- when --

19   Carl Smith, he had -- he had had that taken off.

20               THE COURT:  All right.  Very good.  So we

21   don't have to make arrangements for that to be done.

22               THE DEFENDANT:  No.

23               THE COURT:  Do you understand, Mr. Goodner,

24   that it is important that you follow all the conditions of

25   your release pending your sentencing?

1        THE DEFENDANT:  Yes.

2        THE COURT:  All right.  Anything further for

3    the United States?

4        MS. GALVIN:  No, Your Honor.  Thank you very

5    much.

6        THE COURT:  And Mr. Thompson, anything further

7    on behalf of Mr. Goodner?

8        MR. THOMPSON:  Nothing, Your Honor.  Thank

9    you.

10        THE COURT:  There being no further business

11    before the Court in this case, we are in recess.

12        MR. THOMPSON:  Thank you.

13        COURTROOM DEPUTY:  Have a good day, everybody.

14        (Proceedings adjourned at 11:54:32 a.m.)

15

16                    **C E R T I F I C A T E**

17        I certify that the foregoing is a correct transcript
     from the record of proceedings in the above-entitled matter.
18    This transcript was prepared to the best of my ability from
     a digital audio recording of the proceedings provided by the
19    Court.

20        */s/ Heather K. Newman*          _*12-14-2021*_
          HEATHER K. NEWMAN, RMR, CRR          DATE

21

22

23

24

25